Upon review of the competent evidence of record with respect to the errors assigned, the Full Commission, upon reconsideration of the evidence, reverses the Opinion and Award of the Deputy Commissioner.
***********
 MOTION
Defendant's motion for consideration of newly discovered evidence is hereby denied.
***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing as
 STIPULATIONS
1. On 13 April 1992, the date of plaintiff's alleged injury by accident, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On 13 April 1992, an employment relationship existed between plaintiff and Perry Alexander Construction Company, defendant. Defendant was self-insured with PCA Solutions as the servicing agent.
3. The parties agree that plaintiff's average weekly wage may be calculated by reference to the Form 22 wage chart, which was received post-hearing before the Deputy Commissioner.
4. Plaintiff alleges that he was injured on 13 April 1992, while working as an equipment operator and became disabled on 19 May 1992. He seeks entitlement to permanent and total disability benefits and payment of medical expenses to date in an amount of approximately $25,123.
5. Defendant denies that plaintiff was injured during the course and scope of his employment with defendant on 13 April 1992, and asserts that plaintiff's back condition for which he received medical treatment was a pre-existing condition unrelated to his employment. Defendant also contends that plaintiff failed to give timely notice of his alleged injury by accident in violation of N.C. Gen. Stat. § 97-22.
6. The parties submitted a set of medical expenses and records which were marked as Stipulated Exhibit Number 1.
***********
Based upon the competent evidence of record, the Full Commission rejects the findings of fact found by the Deputy Commissioner and enters the following:
 FINDINGS OF FACT
1. Plaintiff was born on 19 June 1948, and was 48 years of age on the date of the hearing before the Deputy Commissioner. He completed the ninth grade, and served in the Army in Vietnam from 1966 to 1969. Most of his work since his discharge from the Army has been in heavy equipment operation and construction. Plaintiff began working for defendant operating a bulldozer in November 1990.
2. Prior to his employment with defendant, plaintiff had a long-standing history of lower back problems, including prior work-related injuries. In 1980, plaintiff was involved in a fork lift accident and suffered a lower back injury. He underwent an L4-5 diskectomy. Plaintiff was involved in another accident in 1982 which caused a reherniation and he underwent a second surgery at L4-5. In 1986 he strained his lower back.
3. Due to his ongoing back problems, plaintiff was examined by Dr. Keith Maxwell of Spine Surgery Associates on 22 June 1989. Dr. Maxwell assessed segmental spine instability at L4-5, degenerative disk disease at L4-5, and status post L4-5 diskectomy times two. Plaintiff continued with conservative treatment in follow-up.
4. An MRI done in April, 1990 showed a large herniated disc. On 20 April 1990, plaintiff underwent another surgery, a left L4-5 microdiskectomy performed by Dr. Maxwell.
5. Post-operatively, by 21 May 1990, plaintiff had significant pain relief, and Dr. Maxwell released him to return to full duty. Plaintiff continued to experience pain, although it did not prevent him from engaging in gainful employment, as evidence by the fact that he began working for defendant in November, 1990, operating a bulldozer.
6. On or about 13 April 1992, plaintiff was operating a bulldozer in the course of his employment with defendant, preparing the Marion project site for construction. Plaintiff claimed that he backed up over a large rock, causing the bulldozer to drop three to four feet. The resulting impact caused a sharp pain in his lower back and right leg. (Tp. 12)
7. Randy Lee Keever, plaintiff's co-worker, testified that there were no large rocks on the Marion project site at the time plaintiff was operating his bulldozer. Plaintiff was scraping topsoil and spreading dirt, and no rocks were unearthed until later in the project when the digging was much deeper. Plaintiff's explanation of the cause of the alleged specific traumatic incident is deemed not credible.
8. Plaintiff claimed to have told one of the pan operators, probably Randy Keever, to report to Jerry Cochran that plaintiff had hurt himself. Thereafter, plaintiff testified that he told Cochran himself of the injury. Plaintiff stated that Mr. Cochran was the grading foreman and in charge of the job. Plaintiff did not work the rest of the day, and Cochran finished the dozing. Plaintiff stated that he also told another co-worker, Tony Keever, of his injury.
9. Randy Keever testified that plaintiff never told him of a back injury. Karen Smyly, personnel manager and bookkeeper for defendant, testified that she never received an injury report regarding plaintiff's alleged incident. Kevin Hensley, a field mechanic for defendant, was on the Marion job site checking the equipment at least once every day while plaintiff was there. He testified that plaintiff never told him he had injured his back while working there. Leroy Peek, superintendent of the job at which plaintiff claimed to have been injured, testified that plaintiff never reported to him that he had been injured. Further, Mr. Peek worked with plaintiff daily at the next job he worked on, and plaintiff never mentioned that he had incurred a back injury on the Marion job. Mr. Peek also testified that had plaintiff injured his back on the job, he knew the procedures for notifying the office of the injury and obtaining medical care.
10. Subsequent to 13 April 1992, plaintiff continued to work for defendant for an additional four to five weeks, and for three of those weeks he worked in excess of forty hours.
11. Plaintiff's claim that he injured his back while operating a bulldozer on 13 April 1992 is not credible.
12. On or about 20 May 1992 plaintiff was terminated from his employment by Mr. Peek when plaintiff demanded a raise and threatened to quit if he did not get one. Plaintiff's statements to the contrary regarding his termination are not credible.
13. Given our finding that plaintiff's claim that he suffered an accidental, work-related injury is not credible, his current condition is due to non-compensable causes.
***********
Based upon the foregoing stipulations and findings of fact, the undersigned enters the following
 CONCLUSIONS OF LAW
1. Plaintiff has failed to present sufficient evidence to demonstrate that he has suffered a specific traumatic incident arising out of and in the course of his employment with defendant. Accordingly, he is not eligible for compensation benefits under the Act. N.C. Gen. Stat. § 97-2(6).
***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the undersigned enters the following
 ORDER
1. Under the law, plaintiff's claim must be and is hereby denied.
2. The parties shall divide the costs of this action.
This the ___ day of April, 1999.
 S/_____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
DISSENTING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
DCS:jbd